KAHN, J.,
dissenting.
The majority purports to, but does not, apply the plain-meaning canon in its construction of section 627.736(5)(c)1., Florida Statutes. That statute, which we are here charged to construe, covers by its terms, only statements of charges submitted by a healthcare provider to a personal injury protection insurer. By effectively denying appellee recovery of benefits for which she has paid an insurance premium, the majority disregards the primary requirement of Florida’s no-fault law — that every automobile insurance policy issued in this State must provide personal injury protection for loss sustained by any covered person “as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle,” including specified medical benefits. § 627.736(1), Fla. Stat. (2007). Section 627.736(1) provides those the benefits required under Florida law. “Benefits due from an insurer under [these provisions] shall be primary....” § 627.736(4), Fla. Stat. (2007). Florida law does not, as the majority today holds, provide a thirty-five day statute of limitation, applicable to insureds, for recovery of personal injury protection benefits.
The narrow exception included in section 627.736(5)(a) restricts only healthcare providers seeking reimbursement. Indeed, our supreme court has said as much in Warren v. State Farm Mutual Automobile Insurance Co., 899 So.2d 1090, 1094 (Fla.2005), by characterizing the statute as “a provision for a procedure through which *111 medical providers may file claims and receive payment for services provided.” The provisions of the statute are those with “which treating medical providers must comply in order to receive payment from the no-fault insurer for services rendered.” Id. The statute here at issue may contain a hole the Legislature needs to plug and may even facilitate double recovery (at least as to attorney’s fees) in some instances. Nevertheless, I cannot agree that the statute applies to claims by an insured, and as to which the providers, having already been paid, have no interest. I would affirm the judgment.